**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK - (BROOKLYN)**

| | |
|---|---|
| YAAKOV Y. GROSS,<br>    Plaintiff, | CASE NO.  1:21-cv-01329-DG-LB |
| vs. | **TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES** |
| TRANSUNION, LLC,<br>    Defendant. | |

Defendant Trans Union, LLC ("Trans Union"), by counsel, responds to Plaintiff's Complaint (the "Complaint") as follows.  For the Court's convenience, Plaintiff's allegations are set forth verbatim with Trans Union, LLC's responses immediately following.

## PRELIMINARY STATEMENT

1.      This is an action for damages arising from violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* (hereinafter "FCRA").

**ANSWER:**    Trans Union denies that it violated the FCRA (or any other law).  Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.  Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to NY CPLR §301.

**ANSWER:**    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

3.      Venue is proper in the Supreme Court of the State of New York, Kings County pursuant to NY CPLR §503(c) because Plaintiff resides in this county and the cause of action arose in this county.

**ANSWER:**   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## PARTIES

4.      Plaintiff is a natural person who at all relevant times has resided in Kings County, New York.

**ANSWER:**   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5). Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

5.      Defendant TransUnion, LLC ("TransUnion") is a business entity that regularly conducts business in New York with its principal place of business as 555 West Adams, Chicago, Illinois 60661.   TransUnion is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f) and engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681 a(d), to third parties.

**ANSWER:**   Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.  Trans Union admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

## FACTUAL STATEMENTS

6.      On a date better known by Defendant, Pennymac Loan Services began servicing Plaintiff's mortgage bearing the account number #[REDACTED] (the "Account").

**ANSWER:**    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5). Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

7.    For a number of years PLS has been reporting information on said Account to TransUnion.

**ANSWER:**    As Plaintiff's allegations are stated and absent a proper definition of the terms employed, Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

8.    While the information is coming from PLS, TransUnion issued credit reports to Plaintiff and third parties indicating that the PLS account was actually an account with a different entity named Private National Mortgage Acceptance Company, LLC ("PNMAC").

**ANSWER:**    As Plaintiff's allegations are stated and absent a proper definition of the terms employed, Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

9.    The tradeline being reported by TransUnion was inaccurate for two reasons.  First, TransUnion was reporting the wrong entity as Plaintiff's creditor.   Second,  the account was

reporting Plaintiff as currently late, when Plaintiff had not been late on the account since at least October 2018.

**ANSWER:** Trans Union denies the allegations contained in this paragraph that "the account was reporting Plaintiff as currently late, when Plaintiff had not been late on the account since at least October 2018." As Plaintiff's remaining allegations are stated and absent a proper definition of the terms employed, Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

10.     After sending a number of disputes to TransUnion concerning the inaccurate late payment history in 2018 and 2019. TransUnion continued verifying the inaccurate status, and continued to report the account as being originated and serviced by PNMAC. Clearly frustrated, on December 2019, Plaintiff requested that TransUnion explain how it investigated the information it had been reporting which was in error. This included a specific request from Plaintiff for TransUnion to explain who they spoke with in conducting the investigation, and what information they provided to TransUnion.

**ANSWER:** Trans Union states that Plaintiff's December 2019 dispute correspondence speaks for itself and to the extent that Plaintiff misquotes or mischaracterizes Plaintiff's December 2019 dispute correspondence, Trans Union denies the allegations as stated. Trans Union denies that it violated the FCRA (or any other law). Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

11.     In response, TransUnion advised Plaintiff that it had contacted PNMAC.  This was false as TransUnion never contacted PNMAC, but instead contacted PLS, the true entity that was reporting Plaintiff's debt.  PLS and PNMAC are wholly separate entities.  PNMAC was never contacted concerning the credit reporting of the PLS account.

**ANSWER:**     Trans Union states that the correspondence to Plaintiff speaks for itself to the extent that Plaintiff misquotes or mischaracterizes the correspondence Trans Union denies the allegations as stated.  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

12.     The FCRA imposes a specific obligation on TransUnion to provide the business name of the entity it contacted during the course of its investigation and its source of information.  See 15 USCS §§ 1681i(a)(7): 1681g(a)(2).  TransUnion's false statements directly violate this provision.

**ANSWER:**     Trans Union states that the Fair Credit Reporting Act speaks for itself.  To the extent that Plaintiff misquotes or mischaracterizes the language of the Fair Credit Reporting Act, Trans Union denies the allegations as stated.  Trans Union denies the remaining allegations contained in this paragraph.

## COUNT I
## VIOLATION OF THE EAIR CREDIT REPORTING ACT
## BY TRANSUNION

13.     Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

**ANSWER:**     Trans Union reasserts its answers and responses set forth herein.

14.     Defendant TransUnion prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

**ANSWER:**     Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.  Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

15.     TransUnion negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 168le(b).  Specifically, TransUnion issued credit reports concerning Plaintiff with the incorrect furnishers of information.

**ANSWER:**     Trans Union denies the allegations contained in this paragraph.

16.     After receiving Plaintiff's dispute highlighting the errors, and request for its method of verification, TransUnion negligently and willfully provided the incorrect business entity that it had contacted during the course of its investigation in violation of 15 U.S.C. § 1681i(a)(7).

**ANSWER:**     Trans Union denies the allegations contained in this paragraph.

17.     After receiving Plaintiff's request that TransUnion identify who provided it with the erroneous information.  TransUnion reported the incorrect source of information in violation of 15 U.S.C. § 1681g(a)(2).

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

18.     As a direct and proximate cause of TransUnion's failure to perform its duties under the FCRA, Plaintiff has suffered injury to credit worthiness and increased difficulty obtaining credit, in fact.  Plaintiff was mislead by Defendant's reporting of who was reporting the erroneous information, and who to contact to resolve the issue.

**ANSWER:**   Trans Union denies the allegations contained in this paragraph.

19.     Plaintiff has also suffered embarrassment, humiliation, and other emotional injuries as a result of errors on credit report and credit worthiness.

**ANSWER:**   Trans Union denies the allegations contained in this paragraph.

20.     TransUnion's conduct, action and inaction were willful, rendering each liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative.  TransUnion was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**ANSWER:**   Trans Union denies the allegations contained in this paragraph.

WHEREFORE, PLAINTIFF PRAYS that this court grant Plaintiff a judgment against TransUnion for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

**ANSWER:**   Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

## JURY TRIAL DEMAND

21.     Plaintiff demands a jury trial on all issues so triable.

**ANSWER:**   Trans Union denies that the statements contained in this paragraph require a response from Trans Union.

## AFFIRMATIVE DEFENSES

1.     Plaintiff has failed to state a claim against Trans Union upon which relief may be granted.

2.     Trans Union's reports concerning Plaintiff were true or substantially true.

3.     Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

4.      At all relevant times, Trans Union acted within the absolute and qualified privileges afforded it under the FCRA, the United States Constitution, applicable State Constitutions and the common law.

5.      Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver and laches.

6.      Plaintiff has failed to take reasonable steps to mitigate their damages, if any.

7.      Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

8.      Plaintiff's damages are the result of acts or omissions committed by the other parties over whom Trans Union has no responsibility or control.

9.      Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom Trans Union has no responsibility or control.

10.     Any claim for exemplary or punitive damages asserted by Plaintiff violates Trans Union's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the analogous provisions of applicable State Constitutions and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.

11.     Trans Union reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

12.     Plaintiff's claims are barred by the common law doctrine of *res adjudicata* for bringing a "later claim arising out of the same factual grouping as an earlier litigated claim even if the later claim is based on different legal theories or seeks dissimilar or additional relief." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir.1994).

WHEREFORE, Defendant Trans Union, LLC, by counsel, denies that Plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiff on all counts set forth in the Complaint, and that Trans Union, LLC, be awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

Date:  <u>April 9, 2021</u>                    Respectfully submitted,

<p style="margin-left: 50%;"><i>/s/ Camille R. Nicodemus</i>
Camille R. Nicodemus, Esq.  (NY# 2807451)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN, 46077
Telephone:  (317) 363-2400
Fax:  (317) 363-2257
E-Mail:  cnicodemus@schuckitlaw.com

<i>Counsel for Defendant Trans Union, LLC</i></p>

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing has been filed electronically on the **9th day of April, 2021**.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing.

| | |
|---|---|
| Daniel Zemel, Esq.<br>dz@zemellawllc.com | |

The undersigned further certifies that a true copy of the foregoing was served on the following parties via Electronic Mail on the **9th day of April, 2021**, properly addressed as follows:

| | |
|---|---|
| None. | |

*/s/ Camille R Nicodemus*
Camille R. Nicodemus, Esq.  (NY# 2807451)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN, 46077
Telephone:  (317) 363-2400
Fax:  (317) 363-2257
E-Mail:  cnicodemus@schuckitlaw.com

*Counsel for Defendant Trans Union, LLC*