UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                  :

YAAKOV Y. GROSS,

                          Plaintiff,

          - against -

TRANSUNION, LLC,

                        Defendant.

-----------------------------------------------------------X

**MEMORANDUM DECISION AND ORDER**

21-cv-1329 (BMC)

**COGAN**, District Judge.

    In this Fair Credit Reporting Act case, the parties' arguments are the opposite of what litigants in an almost identical posture argued before the Supreme Court in Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016), as revised (May 24, 2016), and TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 2203 (2021). Those cases, and all that came before them where this issue arose, involved defendants who challenged plaintiffs' standing to bring claims pursuant to consumer credit or credit reporting laws. Here, in contrast, plaintiff is arguing that he has no standing under Article III to prosecute this action in federal court. TransUnion asserts that he does.

    The anomaly is not unique to this case. Having prevailed in Spokeo and TransUnion, consumer collection and reporting companies have recognized that all those victories achieved for them was a trip to state court – where there is no standing requirement. At least in New York, companies in those industries, for whatever reason, would often prefer to have their federal defenses heard in federal court. They therefore often abandon any argument about standing – indeed, as here, they advocate that the plaintiff has standing despite the plaintiff's denial.

Regardless of whether a defendant in a case under the Fair Credit Reporting Act or the Fair Debt Collection and Reporting Act raises a standing issue, however, federal courts have an independent obligation to resolve any issue about their subject matter jurisdiction *sua sponte*. That is because "[s]tanding is the threshold question in every federal case, determining the power of the court to entertain the suit." Ross v. Bank of Am., N.A.(USA), 524 F.3d 217, 222 (2d Cir. 2008) (quotation omitted). Thus, district courts must consider the teachings of Spokeo and TransUnion even if a defendant fails to raise standing, and even if it is the plaintiff who alleges that, despite the seeming paradox, he lacks standing. In most of these cases, the plaintiffs opposing federal jurisdiction will win this new battle, for the plaintiff is the master of his complaint. If he wants to plead himself out of Article III jurisdiction by failing to allege a concrete injury, it is not that hard.

Plaintiff in the instant case has achieved that. There is no concrete injury alleged in the complaint, and, indeed, no reason to think that plaintiff could allege such an injury even if he had wanted to. His motion to remand to state court is therefore granted.

**BACKGROUND**

Plaintiff Yaakov Y. Gross brought this action in the New York Supreme Court for Kings County, alleging TransUnion violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. Gross's complaint alleges that TransUnion issued credit reports to both plaintiff and third parties in which it reported the wrong entity as plaintiff's creditor. The essence of plaintiff's claim is that TransUnion listed on his credit report a loan as being serviced by a subsidiary servicing company, when in reality, the debt was being serviced by that company's parent.

Specifically, although Pennymac Loan Services ("PLS") had serviced plaintiff's loan, TransUnion identified Private National Mortgage Acceptance Company, LLC ("PNMAC"), a

wholly owned subsidiary of PLS, as the servicer. Plaintiff alleges that he discovered the inaccuracy when he saw a credit report stating he had an overdue payment. He requested that TransUnion correct the error. Plaintiff claims that during its investigation to correct the error, TransUnion compounded its transgression by falsely stating that it had contacted PNMAC and confirmed it was the creditor when, in fact, it had contacted PLS. This inaccurate information, according to the complaint, violated FCRA §§ 1681i(a)(7) and 1681g(a)(2). As to the injury sustained by plaintiff as a result of these violations, plaintiff alleges he suffered "injury to credit worthiness and increased difficulty obtaining credit," as well as "embarrassment, humiliation, and other emotional injuries."

TransUnion timely removed the action to federal court, asserting federal question jurisdiction because of the FCRA claim. See 28 U.S.C. §§ 1331, 1441, and 1446. Plaintiff has moved to have the case remanded to state court on the ground that he did not allege an injury-in-fact sufficient to satisfy the requirements of Article III of the Constitution.[1]

## DISCUSSION

"Federal courts are courts of limited jurisdiction that possess only that power authorized by the Constitution and statute." Hendrickson v. United States, 791 F.3d 354, 358 (2d Cir. 2015) (quotations omitted). The Constitution empowers federal courts to adjudicate only a "case or

---

[1] In addition to his motion to remand, plaintiff has also filed a motion for leave to amend his complaint, and moved for sanctions for wrongful removal. The proposed amendments seek to allege that plaintiff suffered only a "*risk* of [an] increased difficulty obtaining credit." In light of this decision, plaintiff's motion to amend is denied as moot.

As to plaintiff's motion for attorneys' fees, TransUnion had an objectively reasonable basis for removing – the state complaint contained an FCRA claim – and there are no unusual circumstances here sufficient to support an award of attorneys' fees. See Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Plaintiff's motion for attorneys' fees is, therefore, denied.

TransUnion has also moved to dismiss the complaint for failure to state a claim. Like plaintiff's motion to amend, TransUnion's motion to dismiss is denied as moot.

controversy." U.S. Const. art. III, § 2. The Article III standing doctrine emanates out of this case or controversy requirement, ensuring that "federal courts do not exceed their authority as it has been traditionally understood." Spokeo, Inc. v. Robins, 578 U.S. at 338. "Without Article III standing, a federal court will not have original jurisdiction over the case." United States v. Hays, 515 U.S. 737, 742 (1995). As a result, this doctrine is "perhaps the most important of [the jurisdictional] doctrines." FW/PBS, Inc. v. Dallas, 493 U.S. 215, 230-31 (1990). When Article III standing is lacking in a case removed from state court, the federal court must "decline removal and remand [the] case." Newman & Cahn, LLP. v. Sharp, 388 F. Supp. 2d 115, 117 (E.D.N.Y. 2005); see also Vossbrinck v. Accredited Home Lenders, Inc., 773 F.3d 423, 427 (2d Cir. 2014) (when a claim, which a federal court would be powerless to adjudicate, is appropriately brought in state court, the defendant "may not defeat the claim by removing it to federal court and then obtaining its dismissal on the grounds of the federal court's lack of jurisdiction.").

The Supreme Court's recent cases have confirmed that the "irreducible constitutional minimum" of standing demands that plaintiffs demonstrate: "(1) an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) likely to be redressed by a favorable judicial decision." Spokeo, 578 U.S. at 338 (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" Id. a 339 (quoting Lujan, 504 U.S., at 560). If the plaintiff does not claim "to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve." TransUnion LLC v. Ramirez, 141 S. Ct. at 2203.

4

"Congress's role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. Article III standing requires a concrete injury." Spokeo, 578 U.S., at 341; see also TransUnion, 141 S. Ct. at 2205-06 ("if the law of Article III did not require plaintiffs to demonstrate a 'concrete harm' . . . . [s]uch an expansive understanding of Article III would flout constitutional text, history, and precedent."). Thus, a lawsuit may not proceed in federal court unless a plaintiff has suffered a "physical, monetary, or cognizable intangible harm traditionally recognized as providing a basis for a lawsuit in American courts," even if plaintiff shows a bare statutory violation. TransUnion, 141 S. Ct. at 2205-06.

At the motion to dismiss stage, "standing allegations need not be crafted with precise detail, nor must the plaintiff prove the allegations of his injury." Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC, 783 F.3d 395, 401-02 (2d Cir. 2015) (quoting Baur v. Veneman, 352 F.3d 625, 631 (2d Cir. 2003)). But a plaintiff still has to allege facts "that affirmatively and plausibly suggest that [he] has standing to sue." Amidax Trading Grp. v. S.W.I.F.T. SCRL, 671 F.3d 140, 145 (2d Cir. 2011).

The only allegations that could support standing in the complaint are that plaintiff suffered an "injury to his credit worthiness," "increased difficulty obtaining credit," and "embarrassment, humiliation, and other emotional injuries." TransUnion points to these statements as sufficient to demonstrate standing. I disagree.

Without more, these conclusory allegations are insufficient. See Harry Total Gas & Power N. Am., Inc., 889 F.3d 104, 110 (2d Cir. 2018). They fail to show how TransUnion's credit alleged error caused plaintiff to suffer a "concrete and particularized" harm. See Friends

5

of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc., 528 U. S. 167, 180-81 (2000). The alleged harms are not expenses, costs, any specific lost credit opportunity, or specific emotional injuries, see Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Maddox v. Bank of N.Y. Mellon Trust Co., 19 F.4th 58, 66 (2d Cir. 2021) ("A perfunctory allegation of emotional distress, especially one wholly incommensurate with the stimulant, is insufficient to plausibly allege constitutional standing."); see also Garland v. Orlans, PC, 999 F.3d 432, 440 (6th Cir. 2021) (plaintiff's injuries cannot create standing "[b]ecause bare allegations of confusion and anxiety do not qualify as injuries in fact"); Pennell v. Glob. Tr. Mgmt., LLC, 990 F.3d 1041, 1045 (7th Cir. 2021) (stress and confusion – without accompanying physical manifestation – do not suffice for standing); Pollak v. Portfolio Recovery Assocs., LLC, No. 21-cv-6738, 2022 WL 580946, at *1 (E.D.N.Y. Feb. 24, 2022) (plaintiff's claims of being confused did not establish concrete injury in an FDCPA action).

      Did the negative impact on plaintiff's "credit worthiness" really prevent him from getting a mortgage, car loan, or any other kinds of credit extension? Did plaintiff's "increased difficulty obtaining credit" manifest in a requirement that he pay a higher interest rate? Is TransUnion's reporting error weighing on plaintiff so heavily that he has difficulty sleeping or suffers from anxiety attacks? Or is plaintiff concerned that TransUnion's actions merely raised a possibility of these injuries? Cf. Grauman v. Equifax Info. Servs., LLC, 549 F. Supp. 3d 285, 292 (E.D.N.Y. 2021) (no financial harm present when plaintiff makes no allegation that he tried or was imminently planning to use his credit report to procure credit).

      The complaint does not explain how TransUnion's error caused an "injury to [plaintiff's] credit worthiness," made obtaining credit more difficult for him, or resulted in recognized "emotional injuries." See Vermont Agency of Natural Resources v. United States ex rel.

Stevens, 529 U. S. 765, 775-77 (2000). Rather, the complaint leaves the Court to hypothesize how TransUnion's alleged mistake, stating that PNMAC was plaintiff's creditor rather than PLS, caused plaintiff's alleged injuries. Without allegations linking TransUnion's actions to plaintiff's harm, the complaint contains nothing more than a vague procedural violation followed by an "unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. This is insufficient to demonstrate Article III standing. See Ward v. Nat'l Patient Acct. Servs. Sols., Inc., 9 F.4th 357, 363 (6th Cir. 2021); Katz v. Donna Karan Co., LLC, 872 F.3d 114, 119 (2d Cir. 2017); Strubel v. Comenity Bank, 842 F.3d 181, 190 (2d Cir. 2016); In re FDCPA Mailing Vendor Cases, 551 F. Supp. 3d 57, 66 (E.D.N.Y. July 23, 2021).

Indeed, it is doubtful that plaintiff could plausibly allege these injuries even if he wanted to. It is simply not plausible to claim that listing PLS instead of PNMAC on his credit report actually caused plaintiff to lose a credit opportunity. We have to apply the law in the real world, not a hypothetical one, and there is no reason why a prospective lender or credit provider would care one whit whether plaintiff had defaulted on a PNMAC loan instead of a PLS loan. Cf. Ergas v. Eastpoint Recovery Grp., Inc., No. 20-cv-333S, 2022 WL 1471348, at *11 (W.D.N.Y. May 10, 2022) (defendant must allege a concrete and particularized harm arising from receiving a collection letter from the wrong creditor). It is equally implausible that plaintiff suffered "embarrassment, humiliation, and other emotional injuries" because the subsidiary instead of the parent of his creditor was listed on his credit report. The law cannot and does not protect that delicate a flower.

If further confirmation of implausibility were needed, one need only look at plaintiff's proposed amended complaint. Although I have denied his motion to amend as moot in light of the disposition here (see fn.1, supra), plaintiff would like to amend the complaint to allege that

he suffered merely a "risk" of credit denial or a "risk" of embarrassment, thus attempting to further dilute the injury described in the present complaint. As a pleading matter, those allegations are no more or less plausible than the present allegations. But they also show that if I called upon plaintiff to actually produce evidence of the denial of a credit opportunity or of "embarrassment or humiliation", he couldn't do it. Thus, not only does the complaint lack a showing of facial standing, it also lacks factual standing. See Harty v. West Point Realty, Inc., 28 F.4th 435, 441 (2d Cir. 2022).

## CONCLUSION

Plaintiff's motion to remand is granted. The case is remanded to the Supreme Court of the State of New York, Kings County.

**SO ORDERED.**

Digitally signed by Brian M. Cogan

_____
U.S.D.J.

Dated: Brooklyn, New York
June 12, 2022